**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BARBARA PIAZZO, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-cv-01690 |
| § | |
| ALLSTATE INDEMNITY § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## **OPINION AND ORDER**

Pending before me is Allstate Indemnity Company's Rule 56 Partial Motion for Summary Judgment on Extra-Contractual Claims. Dkt. 23. After carefully reviewing the summary judgment record, I conclude that Piazzo has come forward with sufficient evidence to survive summary judgment as to her extra-contractual claims for bad faith. Viewing the evidence in the light most favorable to Piazzo, as I must at the summary judgment stage, a reasonable jury could find that Allstate acted in bad faith. Summary judgment is, therefore, not appropriate. Allstate's motion is denied. Piazzo will be permitted to proceed to trial on her extra-contractual claims.

As far as Plaintiff's request for discovery sanctions is concerned (*see* Dkt. 24), that request is denied. Any and all discovery disputes should have been promptly raised during the discovery period so I could have addressed them. Asking for discovery sanctions as part of a summary judgment response, without first raising the issue with the Court at the time of the alleged discovery abuse, is not proper. I specifically told the parties at the initial conference in this case to reach out to my case manager during a deposition if there was a discovery squabble so I could squarely address the issue at the time. Nobody ever called to notify me

of any discovery dispute during a deposition. The discovery period is now over. We will proceed to trial.

SIGNED this 9th day of August 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE